JAMES RYAN, RESPONDENT, *v.* ANDREW WAVLE, APPELLANT.

*Case on appeal — Rule 43 — when not complied with.*

APPEAL by defendant from an order denying a new trial, and from a judgment in favor of plaintiff.

The action was for slander spoken by defendant of plaintiff, in that defendant had charged the plaintiff with setting fire to defendant's barn, intending thereby to impute to plaintiff the crime of arson.

Plaintiff had a verdict. The defendant moved for a new trial on a case and exceptions before the Special Term. The motion was there denied, and judgment ordered for the plaintiff. From that order defendant appealed. After a hasty consideration of some exceptions taken in the case, the court say : The printed case used upon this appeal was unusually and unnecessarily voluminous — over 400 pages. It was filled with a vast quantity of irrelevant

and immaterial matter, and in direct violation of rule 43. All that was material could have been contained in twenty-five pages. Perhaps such a case may be regarded as the legitimate fruit of the last clause of rule 41. If so, the sooner that clause of that rule is stricken out the better. We were rejoiced to learn that the Court of Appeals, in a recent case, took occasion to signify its disapproval of the practice of taking the stenographic notes for a bill of exceptions. (*Jewell* v. *Van Steenburgh.*) Such practice casts unnecessary labor upon the appellate courts, and makes great and unnecessary expense in the way of printing to parties. Counsel should be required to observe strictly rule 43, and in all cases, when it is not adhered to, the case should be dismissed or sent back for resettlement at the expense of the attorney in fault. Motions to compel an observance of said rule, should be favored, and when granted, should be with costs personally against the attorney in fault.

*M. M. Waters*, for the appellant.

*H. Ballard*, for the respondent.

Opinion by JAMES, J.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment and order affirmed, with costs.